UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/5/2013
```

----------------------------------------------------------------X

JERELL HALL, *also known as* Jerell Shaw,          :
                                                   :
                        Plaintiff,                 :
                                                   :
                                                   :            11 Civ. 406 (JMF)
              -v-                                  :
                                                   :          MEMORANDUM OPINION
                                                   :              AND ORDER
DOC DEPARTMENT OF CORRECTION                        :
OBCC-CPSU, et al.,                                 :
                                                   :
                        Defendants.                :

----------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

The Court is in receipt of the attached letter, dated May 26, 2013, which Plaintiff Jerell

Hall sent to Magistrate Judge James L. Cott, requesting that the Court reopen his case, which

was dismissed on May 1, 2012, for failure to prosecute. Plaintiff's request is DENIED.

Plaintiff filed his Complaint in this action on January 14, 2011, and the Clerk of Court

issued summons as to all Defendants on February 10, 2011. By Order entered June 21, 2011,

Magistrate Judge Cott, to whom this case was referred for general pretrial supervision and

dispositive motions, enlarged Plaintiff's time to serve the Defendants to July 19, 2011, and

warned that failure to do so could lead to dismissal of the case. (Docket No. 12). On September

14, 2011, Magistrate Judge Cott directed Hall to show good cause for the failure to serve

Defendants, and having received no response from Hall, Magistrate Judge Cott issued a Report

and Recommendation, recommending dismissal of the case pursuant to Rule 4(m) of the Federal

Rules of Civil Procedure. (Docket No. 14). By letter dated November 27, 2011 — well after the

time to file objections to the Report and Recommendation — Hall requested an extension of time

to serve Defendants, which Magistrate Judge Cott granted, cautioning Hall that this would be his

final opportunity to serve Defendants.  (Docket Nos. 15-16).  Having received no response from

Hall within Hall's allotted time to serve, Magistrate Judge Cott issued another Report and

Recommendation on January 12, 2012, recommending that the case be dismissed without

prejudice.  (Docket No. 17).  More than 100 days after the Report and Recommendation was

filed (during which time no objections were filed and no request for an extension of time was

made), the Court reviewed the Report and Recommendation, adopted it in its entirety, and

dismissed the case for failure to prosecute in an order dated May 1, 2012.  (Docket No. 19).

      In his May 26, 2013 letter, Plaintiff now seeks to re-open the case, claiming that he has

not been receiving information on this case for the past year and a half, as he is still incarcerated,

has been transferred "from facility to facility," and has not been receiving his mail.  Plaintiff

offers no legal authority in support of his request, but reading his *pro se* submission liberally and

interpreting it to raise the strongest argument it suggests, *see Triestman v. Fed. Bureau of

Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), the Court construes Plaintiff's letter as a motion for

reconsideration under Federal Rule of Civil Procedure 60(b).

      Rule 60(b), which permits a Court to vacate a final judgment, is a "mechanism for

'extraordinary judicial relief invoked only if the moving party demonstrates exceptional

circumstances." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quotation marks

omitted).  Motions pursuant to Rule 60(b) are within the sound discretion of the trial court.  *See

Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009).  Rule 60(b) lists five specific

grounds for relief, as well as a sixth catchall category.  Considering Plaintiff's *pro se* status, the

Court considers each ground.  *See Thompson v. City of N.Y.*, No. 04-CV-2355 (FB), 2010 WL

1005866, at *1 (E.D.N.Y. Mar. 16, 2010).

Motions under Rules 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect"), 60(b)(2) ("newly discovered evidence"), and 60(b)(3) ( "fraud . . . misrepresentation, or misconduct") must be made "no more than a year after the entry of the judgment or order" that is sought to be reopened.  *See* Fed. R. Civ. P. 60(c)(1).  Because more than a year has passed since the Order dismissing Plaintiff's case was entered, these grounds for relief are unavailable.

Under Rule 60(b)(4), a case may be reopened if the judgment that closed it is void.  "A judgment is void . . . only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 193 (2d Cir. 2006) (internal citation omitted).  Here, the Court had subject matter jurisdiction, and there is no violation of Plaintiff's due process rights.  Even if Plaintiff did not receive the numerous orders issued in this case warning him that his failure to serve Defendants would lead to dismissal of his case, he was aware that this action was ongoing and had an obligation to update the Court in the event that his address changed.  *See Alomar v. Recard*, No. 07 CV 5654 (CS), 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) ("The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" (quoting *Handlin v. Garvey*, No. 91 Civ. 6777 (AGS), 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996))); *see also Love v. Amerigroup Corp.*, No. 09-CV-4233 (RER), 2010 WL 2695636, at *4 (E.D.N.Y. June 2, 2010) (explaining that a court "may deny relief to a *pro se* litigant who has . . . missed an important deadline as a result of [his] failure" to update his address).  As Plaintiff neglected his "duty to process his case diligently," he is not entitled to relief under Rule 60(b)(4).  *See Thompson*, 2010 WL 1005866, at *2 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (affirming dismissal for failure to prosecute after ten years of infrequent and sporadic progress)).

Rule 60(b)(5) permits a court to relieve a party from a final judgment where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).  As none of these conditions is met here, Plaintiff's request for relief pursuant to Rule 60(b)(5) is likewise denied.  Finally, the catchall provision of Rule 60(b)(6) permits a court to vacate a judgment "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  Such relief must be sought within a "reasonable time," Fed. R. Civ. P. 60(c)(1), and can be granted "only in extraordinary circumstances." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal citation omitted).  Here Plaintiff waited more than a year to request that the Court reopen his case and has offered no sufficient reason to justify the "extraordinary" relief of Rule 60(b)(6).  Moreover, because the dismissal of Plaintiff's case was without prejudice, Plaintiff is free to file a new lawsuit to pursue any timely claims he asserted in this action.

For the foregoing reasons, Plaintiff's request to reopen his case is DENIED.

This Court certifies pursuant to Title 28, United States Code, Section 1915(a)(3) that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.


Dated: June 5, 2013
      New York, New York

JESSE M. FURMAN
United States District Judge

4



5/26/13

DEAR, Mr. James L. Cott, United States Magistrate Judge.

I Jerell Hall I'm writing you on behalf of my Civil Complaint, filed on January 14, 2011 i Just Received you're letter about Serving the Summonses to the Defendants I have Not ben Receiving No Information on this Case for the past year and a half, I'm Still incarcerated in the Department of Corrections and have Not ben getting All my Mail While Incarcerated thats Why im Writing this letter to ask you for Some Consideration and under the Grounds of Lack of Receiving mail and moving from facility to facility ; ask that my Case be ReOpening and you give me the time to Serve the Defendants in this Case i filed.. I will very much Appreciate it—

Thank you very much for your time!

JERELL HALL 11A1428
Franklin Correctional
Facility, 62 Bare Hill RD,
P.o. Box 10 Malone, New
York. 12953.